■ JAMES WALLACE, Plaintiff, v LIQUID CARBONIC CORPORATION, Respondent, et al., Defendants; WARNER-LAMBERT et al., Appellants, et al., Third-Party Defendants.—Appeal from an order of the Supreme Court, Kings County, dated September 26, 1978, dismissed as academic. That order was superseded by an order of the same court, dated January 18, 1979, made upon reargument. Order dated January 18, 1979, affirmed. No opinion. Respondent is awarded one bill of $50 costs and disbursements payable by the appellants appearing separately. Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ In the Matter of LOUIS GALASSO et al., Petitioners, v PETER A. A. BERLE, as Commissioner of the Department of Environmental Conservation of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated September 6, 1978, which, after a hearing, found petitioner Galasso guilty of violating certain provisions of the Environmental Conservation Law, imposed a penalty of $1,500 and revoked his certificate of registration as a septic tank cleaner and industrial collector. Determination confirmed and proceeding dismissed on the merits, with costs. The determination of the respondent is supported by substantial evidence and the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.

■ In the Matter of FRANK HARFF, Petitioner, v BOARD OF EDUCATION OF THE SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated June 29, 1978, which, after a hearing, found the petitioner guilty of incompetence in the performance of his job and dismissed him from his employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The record reveals there is substantial evidence to support the charges of incompetence, and the penalty of dismissal is not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.